UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA,<br>CDCR #AS-4217,<br><br>Plaintiff,<br><br>vs.<br><br>C/O HOUGH, Correctional Officer;<br>C/O DOWNS, Correctional Officer;<br>WARDEN DOE 1; ASSOCIATE<br>WARDEN DOE 2; SERGEANT DOE 3,<br><br>Defendants. | Case No.: 3:19-cv-01461-AJB-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS HOUGH AND DOWNS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Jose G. Amezquita ("Plaintiff"), proceeding pro se and currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Compl., ECF No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Plaintiff, claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth

1

Amendment rights in October 2018 when they authorized his transfer from administrative segregation to RJD's "C-Yard level 4." (*See* Compl., ECF No. 1 at 3, 8-10 ¶¶ 1-17.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a prison certificate of funds authorized by a SVSP accounting official. *See* ECF No. 2 at 5-7, 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These records show that Plaintiff had an average monthly deposit of $277.52, and carried an average monthly balance of $290.17 over the 6-month period immediately preceding the filing of his Complaint—and that there remained an available balance of $42.91 in his account at the time of filing.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $58.03 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary of the CDCR, or his designee, to collect this initial filing fee *only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.    Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)

(discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.     Plaintiff's Factual Allegations

On October 18, 2018, while he was incarcerated at RJD, assigned to an administrative segregation unit, and suffering from suicidal ideations, paranoid delusions, and severe claustrophobia, Plaintiff claims to have appeared before an Institutional Classification Committee ("ICC"), which included Associate Warden Doe 2. (*See* Compl., ECF No. 1 at 3 ¶¶ 1-3.) During the ICC hearing, Plaintiff contends he refused the ICC's authorization of his transfer to RJD C-Yard Level 4 housing, and to have repeatedly informed Associate Warden Doe 2 that he was "putting [Plaintiff's] life in danger by placing [him] in C-Yard." (*Id.* at 8 ¶ 4.) But Doe 2 replied: "I don't care," and told Plaintiff

to "do what you gotta do." (*Id.* at 3, 8 ¶ 3.)

Plaintiff claims that after the ICC hearing, he was escorted back to his cell by C/Os Hough and Downs. (*Id.* at 8 ¶ 4.) Plaintiff "felt like he would rather die right then than get stabbed on C Yard," and told Hough and Downs that he was feeling suicidal. (*Id.*) He claims Hough and Downs laughed and encouraged him repeatedly to "go ahead and kill himself." (*Id.* ¶ 5.) Left in his cell in an "agitated state," Plaintiff then "began tearing at the mattress in order to fashion a noose," but instead "discovered a large blade secreted in the mattress," which he used to slit his wrists. (*Id.* ¶ 6.) He started bleeding profusely, began to feel "woozy," and was eventually discovered by unidentified correctional officers who transported him via ambulance to the medical clinic where his arm was surgically taped to prevent further bleeding, and where he was placed in a mental health crisis bed. (*Id.* ¶¶ 6-7, 9.) Plaintiff contends neither C/O Hough nor C/O Downs "checked back on [him]" after he expressed his suicidal intentions, and "never notified the mental health staff about his state of emotional distress." (*Id.* ¶ 7.) He further claims Warden Doe 1 and Sergeant Doe 3 both failed to adequately train and supervise custody staff, failed to investigate the incident, and failed to discipline their subordinates. (*Id.* at 4-5, 11-12 ¶¶ 19-35.)

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Individual Liability – Warden Doe 1 and Sergeant Doe 3

With respect to Warden Doe 1 and Sergeant Doe 3, Plaintiff fails to state a plausible Eighth Amendment claim for relief because he fails to include "further factual enhancement" which describes how or when either of these unidentified officials were personally involved in either his October 18, 2018 ICC hearing, the decision to transfer him to RJD's C-Yard, or his subsequent suicide attempt. *See Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 557).[2]

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible Eighth Amendment claim on the part of Warden Doe 1 or Sergeant Doe 3. Instead, Plaintiff simply includes these unidentified parties based solely on their job descriptions, claims generally that both were responsible for training and disciplining their subordinate officers at RJD, and contends these Does "should have known" their purported failures to adequately supervise "others subordinate to [them]" would place Plaintiff at risk. (*See* Compl., ECF No. 1 at 4, 5 ¶¶ 19-21, ¶¶ 28-30.) But Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And allegations

---

[2] "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019).

6

that a prison official "should have been aware of [a] risk, but was not," simply do not amount to an Eighth Amendment violation, "no matter how severe the risk.'" *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citations omitted).

Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff makes no such allegations in his Complaint. Therefore, the Court dismisses Defendants Warden Doe 1 and Sergeant Doe 3 sua sponte based on Plaintiff's failure to state a plausible Eighth Amendment claim against either of them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. <u>Eighth Amendment Claims</u>

With respect to the Eighth Amendment claims alleged against Associate Warden Doe 2, C/O Hough, and C/O Downs, however, the Court finds Plaintiff's allegations sufficient to sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners …." and therefore, "may be held liable … if [they] know[] that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk ... for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843; *Lemire v. California Dep't of Corr. & Rehab*., 726 F.3d 1062, 1076 (9th Cir. 2013); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a

7

prisoner's Eighth Amendment rights by failing to intervene."); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *see also Pulido v. Lunes*, 2016 WL 336182, at *8 (E.D. Cal. Jan. 28, 2016) (finding prisoner's allegations of having attempted suicide as a proximate result of Defendants' alleged failure to protect him from extortion and attack at the hand of gang members sufficient to state an Eighth Amendment claim), *report and recommendation adopted*, 2016 WL 1224028 (E.D. Cal. Mar. 29, 2016).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on Defendants Hough and Downs on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

///

///

---

[3] Plaintiff also claims Associate Warden Doe 2 failed to protect him after he repeatedly informed him that his life would be in danger if he were transferred to C-Yard. *See* Compl., ECF No. 1 at 3, 8 ¶¶ 3-4. However, Plaintiff must identify Associate Warden Doe 2, and substitute his true name in an amended pleading before the United States Marshal will be ordered and/or able to execute service upon him. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, the Court will not dismiss Associate Warden Doe 2 as a Defendant at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

**III. Conclusion and Orders**

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $58.03 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's claims against Defendants Warden Doe 1 and Sergeant Doe 3 sua sponte based on his failure to state a claim against either of them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **DIRECTS** the Clerk of the Court to terminate Warden Doe 1 and Sergeant Doe 3 as parties to this matter.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants HOUGH and DOWNS and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint (ECF No. 1), and the summons so that he may serve them upon each of these named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendants HOUGH and DOWNS as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States.

*See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants HOUGH and DOWNS, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 25, 2019

Hon. Anthony J. Battaglia
United States District Judge