# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER<br>D. HOUGH, et al.,<br><br>    Defendants. | Case No.: 19cv1461-AJB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 13.] |

Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action filed pursuant to Title 42, United State Code, Section 1983, alleging defendants violated his constitutional rights under the Eighth Amendment when they deliberately failed to protect him from a substantial risk of serious harm. [Doc. No. 1.] Before the Court is plaintiff's Motion for Appointment of Counsel. [Doc. No. 13.]

## *Discussion*

In his Motion, plaintiff requests that the Court appoint counsel in this case, because he has no resources and is unable to afford counsel. He also believes his imprisonment will greatly limit his ability to prosecute his case. [Doc. No. 13, at pp. 1.] Plaintiff represents that he speaks "very little English," and his ability to read is minimal. He believes his case is complex and involves issues of credibility, so that significant research

1

and investigation will be required for him to pursue the case, but available resources are scarce and are in English. Plaintiff has only limited access to the law library and must depend on other prisoners to help him, "but they are few and far between in their availability." [Doc. No. 13, at pp. 1, 3-4.] In addition, the incidents alleged in the Complaint took place at the R.J. Donovan Correctional Facility, but plaintiff has been transferred to Salinas Valley State Prison. [Doc. No. 13, at p. 3.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, there is currently no basis to support a finding of exceptional circumstances. First, the record is not sufficiently developed so that the Court can determine the likelihood of success on the merits.

Second, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. The allegations in the Complaint are

clearly stated and survived initial screening. [Doc. No. 1, at pp. 1-12; Doc. No. 3, at pp. 4-10.] Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Fourth, the allegations in the Complaint are not novel or complex. Plaintiff essentially alleges that prison officials violated his rights under the Eighth Amendment, because they were aware of a substantial risk of harm but failed to take steps to protect him from that harm. [Doc. No. 1.] Plaintiff's allegations are similar to many cases that have been considered by this Court.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

## *CONCLUSION*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion for Appointment of Counsel is DENIED. [Doc. No. 13.]

IT IS SO ORDERED.

Dated: March 4, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

3

19cv1461-AJB(KSC)