UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA,<br><br>                                   Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER<br>D. HOUGH, et al.,<br><br>                                   Defendants. | Case No.:  19cv1461-AJB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [Doc. No. 29.]** |

Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action filed pursuant to Title 42, United State Code, Section 1983, alleging defendants violated his constitutional rights under the Eighth Amendment when they deliberately failed to protect him from a substantial risk of serious harm while he was housed at the R. J. Donovan Correction Facility (RJD) in 2018.  [Doc. No. 1.]  The Court's record indicates plaintiff is currently housed at Salinas State Prison.

Before the Court is plaintiff's Motion to Compel Discovery [Doc. No. 29] and defendant's Opposition thereto [Doc. No. 38].  In the Motion to Compel, plaintiff seeks an order requiring defendants to provide him with further responses to his First and Second Sets of Requests for Production of Documents.  For the reasons outlined more fully below, the Court finds that plaintiff's Motion to Compel must be DENIED.

1    However, the Court directs defendants to provide plaintiff with a supplemental response
2    to Document Request No. 2 (Set One), unless they have already done so.

3                                        ***Background***

4            On October 18, 2018, while he was incarcerated at RJD, assigned to an
5    administrative segregation unit, and suffering from suicidal ideations, paranoid delusions,
6    and severe claustrophobia, plaintiff claims he appeared before an Institutional
7    Classification Committee ("ICC"), which included Associate Warden Doe 2.  [Doc.
8    No. 1, at p. 3 ¶¶ 1-3.]  During the ICC hearing, plaintiff alleges he refused a transfer to
9    RJD C-Yard Level 4 housing and repeatedly informed Associate Warden Doe 2 that he
10   was "putting [plaintiff's] life in danger by placing [him] in C-Yard."  [*Id.* at p. 8 ¶ 4.]
11   But Doe 2 replied: "I don't care," and "do what you gotta do." [*Id.* at pp. 3, 8 ¶ 3.]

12           After the ICC hearing, plaintiff claims he was escorted back to his cell by C/Os
13   Hough and Downs.  [Doc. No. 1, at p. 8 ¶ 4.]  Plaintiff "felt like he would rather die right
14   then than get stabbed on C Yard," and told Hough and Downs that he was feeling
15   suicidal.  [*Id.*]  He claims Hough and Downs laughed and encouraged him repeatedly to
16   "go ahead and kill himself." [*Id.* ¶ 5.]  Left in his cell in an "agitated state," plaintiff
17   "began tearing at the mattress in order to fashion a noose," but instead "discovered a
18   large blade secreted in the mattress," which he used to slit his right wrist. [*Id.* ¶ 6.]  He
19   started bleeding profusely, began to feel "woozy," and was eventually discovered by
20   unidentified correctional officers who transported him via ambulance to the medical
21   clinic where his arm was surgically taped to prevent further bleeding, and where he was
22   placed in a mental health crisis bed.  [*Id.* ¶¶ 6-7, 9.] Plaintiff contends neither C/O Hough
23   nor C/O Downs "checked back on [him]" after he expressed his suicidal intentions, and
24   "never notified the mental health staff about his state of emotional distress." [*Id.* ¶ 7.]  He
25   further claims Warden Doe 1 and Sergeant Doe 3 both failed to adequately train and
26   supervise custody staff, failed to investigate the incident, and failed to discipline their
27   subordinates. [*Id.* at 4-5, 11-12 ¶¶ 19-35.]
28   / / /

Plaintiff's claims against Warden Doe 1 and Sergeant Doe 3 were dismissed *sua sponte* at the time of initial screening, because the Complaint failed to state viable claims against them under the Eighth Amendment.  At this time, the only remaining causes of action in the Complaint are alleged violations of the Eighth Amendment by: (1) Associate Warden Doe 2, for failure to protect plaintiff from an allegedly dangerous placement in C-Yard during an ICC hearing on October 18, 2018; and (2) C/O Hough and C/O Downs for failure to protect plaintiff's health and safety when they returned plaintiff to his cell after the ICC hearing on October 18, 2018.  [Doc. No. 3, at pp. 7-9.] Warden Doe 2 has not been identified and is not a party to the action.

### *Discussion*

On December 20, 2019, the Court issued a Scheduling Order in this case setting April 17, 2020 as the deadline for completing all fact discovery.  [Doc. No. 9, at p. 1.] This Scheduling Order also states as follows:

> 'Completed' means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1.a. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse regarding the issue**. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

[Doc. No. 9, at p. 1-2.]

On January 27, 2020, plaintiff served defendants with Requests for Production of Documents (Set One).  Defendants served plaintiff with responses on March 2, 2020. However, on March 16, 2020, defense counsel states in a Declaration that he received a

19cv1461-AJB(KSC)

letter from plaintiff stating he had not received defendants' responses.  Defense counsel then instructed his secretary to re-mail the responses to plaintiff on March 16, 2020.  According to defense counsel, plaintiff did not otherwise seek to meet and confer when he received defendants' discovery responses.  [Doc. No. 38, at p. 19.]

Plaintiff submitted an opposing Declaration stating he did request a meet and confer but did not receive a reply from defendants.  [Doc. No. 29, at p. 21.]  In support of this statement, plaintiff submitted a copy of a letter to defense counsel dated March 5, 2020 advising he had not yet received defendants' responses to his document requests.  This letter does say "it seems the time is ripe for a meet and confer," but this is not enough to satisfy the meet and confer requirement, because it was clearly made before plaintiff received defendants' discovery responses.  [Doc. No. 29, at p. 18.]

Plaintiff's Declaration also states as follows:  "I have attempted to get discovery materials from the defendants and they are stonewalling me."  [Doc. No. 29, at p. 21.]  However, based on a review of defendants' responses [Doc. No. 38, at pp. 8-18], it is apparent to the Court that defense counsel had legitimate reasons for objecting to plaintiff's document requests, because they are overly broad and seek production of documents that are not relevant to the remaining claims in the Complaint.  At least some of these objections might have been resolved if plaintiff met and conferred with defense counsel *after* receiving defendants' responses.  Therefore, the Court finds that plaintiff's Motion to Compel should be denied for failure to satisfy the meet and confer requirement set forth in the Scheduling Order.

After receiving defendants' responses in mid to late March 2020, plaintiff did not send his Motion to Compel to the Court until sometime in early June 2020, which is clearly beyond the 30-day deadline outlined in the Scheduling Order. [1]  [Doc. No. 9, at

---

[1]      Plaintiff's Motion was received by the Court on June 22, 2020 and filed in the Court's record on June 23, 2020.

pp. 1-2.] Therefore, the Court also finds that plaintiff's Motion to Compel must be denied because it was not filed in a timely manner as required by the Scheduling Order.

Additionally, plaintiff would not be entitled to an order by the Court compelling defendants to provide further responses to his Requests for Production of Documents (Set One) even if he satisfied all the deadlines in the Scheduling Order. Defendants provided plaintiff with adequate responses to these document requests. All but one of plaintiff's document requests are overly broad and seek production of official documents that bear no relevance to the claims remaining in the Complaint. In the Declaration plaintiff filed in support of his Motion to Compel, plaintiff explains he is attempting to obtain discovery materials to show "a pattern of illegal conduct" by correctional officers at RJD, including corruption, intimidation, and mistreatment of inmates. However, the only viable claims remaining in plaintiff's Complaint do not involve a pattern of illegal conduct by correctional officers.[2] Rather, the only remaining viable claims in plaintiff's Complaint are that two correctional officers violated plaintiff's constitutional rights, because they were deliberately indifferent to his health and safety during a single incident on October 18, 2018. In short, plaintiff's allegations do not justify production of a sweeping assortment of official documents that have nothing to do with the remaining claims in his Complaint.

On the other hand, the Court notes that plaintiff's Document Request No. 2 (Set One) does legitimately seek production of "[a]ll written statements and reports, original or copies, identifiable as reports about the incidents of 10/18/2018 made by CDCR employees and/or witnesses." [Doc. No. 38, at p. 9; Doc. No. 29, at p. 1.] Defendants

---

[2]     As noted above, there is another claim in the Complaint against Associate Warden Doe 2 for failure to protect plaintiff from an allegedly dangerous placement in C-Yard. [Doc. No. 1, at pp. 3, 8.] However, Associate Warden Doe 2 has not been identified and is not a party to the action. Even considering this additional claim, the allegations in the Complaint are not indicative of a pattern of illegal conduct that would justify production of the broad range of documents plaintiff has requested.

19cv1461-AJB(KSC)

provided plaintiff with the following response to this request:  "See attached.  Discovery is continuing, and defendants continue to search the records of [RJD] and will produce additional responsive documents if and when they are discovered."  [Doc. No. 38, at p. 9.] Since discovery in this case is now closed, the Court notes defendants' response is incomplete, and plaintiff is entitled to a supplemental response to Document Request No. 2 indicating whether all responsive documents have been produced and whether any responsive documents are being withheld as privileged or confidential.  *See* Fed.R.Civ.P 26(e).  Accordingly, to the extent they have not already done so, the Court finds that defendants must provide plaintiff with a supplemental response to Document Request No. 2.  In all other respects, the Court finds that plaintiff's request for an order by the Court compelling defendants to provide further responses to his Requests for Production of Documents (Set One) must also be denied, because these requests seek production of documents that fall outside the definition of relevance in Federal Rule of Civil Procedure 26(b)(1).[3]

Along with his Motion to Compel, plaintiff also submitted a copy of his Requests for Production of Documents (Set Two).  [Doc. No. 29, at pp. 13-17.]  As to Set Two, plaintiff's Declaration states he "requested a meet and confer with the defendants but have received no reply."  [Doc. No. 29, at p. 21.]  Although the copy of Set Two submitted by plaintiff indicates he signed this document on March 23, 2020, defendants submitted contrary evidence.  Exhibit C to defendants' Opposition is a copy of plaintiff's Request for Production of Documents (Set Two), which was signed by plaintiff on April 21, 2020,

---

[3]    As to relevance, Rule 26(b)(1) provides as follows:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

19cv1461-AJB(KSC)

after the discovery deadline of April 17, 2020. [Doc. No. 38-1, at p. 144.] An attached proof of service and mailing envelope also show that plaintiff served defendants with his Requests for Production of Documents (Set Two) on April 21, 2020, after the April 17, 2020 discovery cutoff. [Doc. No. 38-1, at pp. 145-148.] Although they were not obligated to do so, defendants responded to plaintiff's Second Set of requests with objections advising plaintiff they were not served in a timely manner as discovery closed on April 17, 2020. [Doc. No. 38, at p. 7; Doc. No. 38-1, at pp. 150-160.]

As noted above, the Scheduling Order states that discovery "must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." [Doc. No. 9, at pp. 1-2.] Accordingly, as to plaintiff's second set of Requests for Production of Documents, the Court finds that plaintiff's Motion to Compel must be denied, because plaintiff failed to timely serve defendants with these requests.

Finally, the Declaration submitted with plaintiff's Motion to Compel requests additional time to complete discovery, stating that the outbreak of the corona virus "dramatically affected [his] ability to litigate this matter." [Doc. No. 29, at p. 21.] Since the deadline for completing discovery was April 17, 2019, and the request was not made until the Motion to Compel was filed on June 23, 2020, plaintiff is really seeking to re-open discovery.

A party seeking to modify a scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment [of a scheduling order]. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To justify re-opening discovery, the moving party must show it "diligently pursued its previous discovery opportunities. . . ." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840,

846 (9th Cir. 2002).  A request to re-open discovery may be denied if the parties already "had ample opportunity to conduct discovery." *Id.*

The only reason plaintiff offers for his request to re-open discovery is that the outbreak of the corona virus "has dramatically affected [his] ability to litigate this matter." [Doc. No. 29, at p. 21.]  However, the Court notes that discovery in this case began in late December 2019 and was supposed to be completed by April 17, 2020.  [Doc. No. 9, at 1.]  Thus, discovery was nearly over in this case when the public health emergency began to interfere with prison operations.  Without more, plaintiff has not shown he was diligent in completing discovery by the April 17, 2020 deadline.  Therefore, the Court finds that plaintiff's request to re-open discovery must be denied.

## *Conclusion*

Based on the foregoing, plaintiff's Motion to Compel is DENIED.  Plaintiff's request to re-open discovery is also DENIED.  To the extent they have not already done so, defendants are directed to provide plaintiff with a supplemental response to Document Request No. 2 indicating whether all responsive documents have been produced and whether any responsive documents are being withheld as privileged or confidential.

IT IS SO ORDERED.

Dated:  August 26, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

19cv1461-AJB(KSC)