1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA<br><br>                                  Plaintiffs,<br><br>v.<br><br>CORRECTIONAL OFFICER D. HOUGH, et al.,<br><br>                                  Defendants. | Case No.:  3:19-cv-01461-AJB-KSC<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. No. 48, 56)** |

Before the Court is Correctional Officers Armenta, Hough, and Downs' ("Defendants") motion for summary judgment on *pro se* prisoner Jose G. Amezquita's ("Plaintiff") claims against them, pursuant to Title 42, United States Code, Section 1983, for deliberate indifference to a serious risk of harm in violation of the Eight Amendment. (Doc. No. 47). The Court referred the matter to United States Magistrate Judge Karen S. Crawford for a Report and Recommendation ("R&R"). The R&R advises the Court to grant

Defendants' motion for summary judgment, as well as deny Plaintiff's request for additional discovery and appointment of counsel. (Doc. Nos. 47, 49, 56.)

## I. BACKGROUND

The R&R provides a thorough recitation of the procedural and factual background of this case, to which Plaintiff raised no objections. (Doc. No. 56 at 2–5.)[1] The Court reiterates the pertinent facts below.

In October 2018, Plaintiff was incarcerated at Richard J. Donovan ("RJD") correctional facility and assigned to an administrative segregation unit ("ASU"). The events giving rise to Plaintiff's claims occurred on October 18, 2018, when Plaintiff appeared before an Institutional Classification Committee ("ICC") for an assessment on whether he should remain in administrative segregation and where to place him after he completed his term in that unit. Plaintiff objected to the ICC's decision to place him into a "special needs yard" ("C-Yard"), rather than a general population unit. Plaintiff alleges that his placement in C-Yard would endanger his life.

According to Plaintiff, at the time of the October 18, 2018 ICC hearing, he was suicidal and suffering from paranoid delusions and severe claustrophobia. Plaintiff further alleges that during the ICC hearing, he informed Armenta several times that by transferring him to C-Yard, Armenta would be putting his life in danger. Plaintiff claims that Armenta responded, "I don't care, do what you gotta do. I run this prison. I tell you where you are going." (Doc. No. 25 at 3, 6.)

Plaintiff also asserts that when the ICC hearing concluded, Hough and Downs escorted him back to his cell in the ASU, and Plaintiff told them that he was feeling suicidal. According to Plaintiff, Hough and Downs laughed at him and told him to "go ahead and kill [him]self." (*Id.* at 6.) Plaintiff alleges he returned to his cell in the ASU, and

---

[1] The page citations refer to the ECF-generated page numbers at the top of each filing.

while in an "agitated state," "discovered a large blade secreted in the mattress," which he used to cut his right wrist. (*Id.*) Unidentified correctional officers discovered Plaintiff and transported him via ambulance to the medical clinic where he received medical and psychological care. Plaintiff was also seen by psychologist Dr. Loebenstein when he returned to RJD on October 18, 2018. Dr. Loebenstein interviewed Plaintiff that day and determined that he had not attempted suicide.

Plaintiff asserts that Defendants violated his Eighth Amendment rights because they were "deliberately indifferent" to the "unreasonable risk of serious harm" to Plaintiff. (*Id.* at 7.) Specifically, Plaintiff alleges that Armenta failed to "exercise his supervisory responsibility to make sure appropriate actions were taken related to plaintiff's verbalized intention to commit suicide" and did not "prevent Hough and Downs from making incentivizing remarks for the plaintiff to go ahead and kill himself." (*Id.*) Plaintiff contends Hough and Downs "never checked back on plaintiff and never notified the mental health staff about his state of emotional distress nor his suicidal intentions." (*Id.* at 6.) According to Plaintiff, Defendants' conduct "created an unreasonable risk of serious harm to plaintiff," which violated his Eighth Amendment right to be free of cruel and unusual punishment and caused him lasting harm. (*Id.* at 7–8.)

On November 3, 2020, Plaintiff was transferred to Salinas Valley State Prison ("Salinas Valley"), where he remains incarcerated.

## II.    LEGAL STANDARDS

### A. Review of Report and Recommendation

Federal Rule of Civil Procedure ("Rule") 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). "The statute makes it clear

that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Thus, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1123. Additionally, a court may, but is not required to, consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

**B. Summary Judgment**

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that a material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that

4

summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322, 324. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the non-movant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in their favor. *See id.*

### III.   DISCUSSION

Plaintiff objects to the R&R on the grounds that the Magistrate Judge erroneously (1) recommended a denial of Plaintiff's request for a deferred ruling on the summary judgment motion so he can conduct additional discovery; (2) found no triable issue of fact as to Plaintiff's failure to exhaust administrative remedies; (3) found no triable issue of fact as to Plaintiff's Eighth Amendment claims; and (4) found that appointment of counsel is not appropriate in this case. (Doc. No. 62 at 2.)

As an initial matter, the Court notes that incorporated within Plaintiff's objections is a section titled "DECLARATION," which is a new, amended version of the declaration he presented before the Magistrate Judge. (*Id.*) "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Howell*, 231 F.3d at 621. Because this amended declaration was not in evidence for the Magistrate Judge's consideration, and Plaintiff offers no explanation as to why he failed to submit it earlier, the Court exercises its discretion to not consider Plaintiff's new declaration. *See id.* The amended declaration is generally similar to the prior declaration, but contains new facts that appear to have been formulated after the Magistrate Judge's R&R. The Court deems it imprudent to provide Plaintiff a second bite at the apple as it would be "fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge." *Id.* at 622 (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840

F.2d 985, 991 (1st Cir. 1988)). Moreover, "[s]ystemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearsal if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Id.* at 622 (internal quotation marks and citation omitted). Accordingly, the Court will not consider Plaintiff's new, post-hoc declaration.

**A. Request to Defer Ruling Under Rule 56(d) for Additional Discovery**

The Court turns to Plaintiff's objection to the Magistrate Judge's recommendation to deny his request for a deferred ruling under Rule 56(d). Pursuant to Rule 56(d), the Court has discretion, to defer ruling on a summary judgment motion upon a proper showing that the facts necessary to oppose summary judgment are "unavailable" to the nonmoving party. Fed. R. Civ. P. 56(d). "A party seeking to delay summary judgment for further discovery must state 'what other specific evidence it hopes to discovery [and] the relevance of that evidence to its claims." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation omitted).

In recommending a denial of Plaintiff's request, the Magistrate Judge found that Plaintiff's declaration lacked specificity as to what additional discovery is necessary as he referred only to unspecified logs, reports, video, and statements of unidentified witnesses that are missing. (Doc. No. 56 at 8.) The Magistrate Judge further found that even assuming Plaintiff had identified the "missing evidence," he failed to explain how that discovery relates to his claims or would establish a material issue of fact for trial. (*Id.*) In his objection, Plaintiff claims that there are missing videos and logs that Defendants are keeping from him and that such evidence will show a triable issue of fact as to whether Hough and Downs escorted him back to his cell on October 18, 2018, and told Plaintiff to kill himself. (Doc. No. 62 at 13.) The Court is unpersuaded. Defendants have represented that all documentation concerning the incident giving rise to his claims have been produced. (Doc. No 56 at 8.) There is no evidence that Defendants made this representation in bad faith. Accordingly, the Court **OVERRULES** Plaintiff's objection, and **ADOPTS** the Magistrate

6

Judge's recommendation to **DENY** his request for a deferred ruling and additional discovery. *Stevens*, 899 F.3d at 678 ("[F]for purposes of a Rule 56(d) request, the evidence sought must be more than 'the object of pure speculation.'") (citation omitted).

### B. Plaintiff's Failure to Exhaust Administrative Remedies

As to Defendants' summary judgment motion, the Magistrate Judge recommended that the Court grant the motion, finding that Defendants met their burden of proving the affirmative defense of non-exhaustion. (Doc. No. 56 at 9–12.)

The Prison Litigation Reform Act requires inmates challenging the conditions of their confinement to exhaust "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. §1997e(a). In evaluating whether there has been "proper exhaustion," the court looks to the "California prison system's requirements" for prisoners to pursue a grievance. *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("exhaustion demands compliance with an agency's deadlines and other . . . procedural rules"). At all times relevant to Plaintiff's claims, the administrative process for inmate grievances was set forth in the since-repealed Sections 3084 through 3085 of Title 15 of the California Code of Regulations. *See* Cal. Code Regs. tit. 15 §§ 3084-3085 (2019) (repealed June 1, 2020). Pursuant to those regulations, an aggrieved inmate was required to complete a CDCR[2] Form 602 within 30 calendar days of the decision or action being appealed. *Id.*, § 3084.8(b)(1). The Form 602, including a description of "the specific issue under appeal and the relief requested," was to be submitted to the institution's appeals coordinator. *Id.*, § 3804.2(a) and (c).

A prisoner's failure to exhaust administrative remedies is an affirmative defense for which defendants bear the burden of proof. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). At summary judgment, defendants' burden is "to prove that there was an

---

[2] CDCR is the abbreviation for the California Department of Corrections and Rehabilitation.

3:19-cv-01461-AJB-KSC

available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.*

Here, the Magistrate Judge found, based on the declaration of a grievance coordinator at RJD (where Plaintiff was housed at the time of the alleged incident) and the declaration of a grievance coordinator at Salinas Valley (where Plaintiff was transferred within 30 days of the alleged incident), that Defendants met their burden of "demonstrating a system of available administrative remedies' which were not exhausted by [P]laintiff.'" (Doc. No. 56 at 10 – 11 (quoting *Williams v. Paramo*, 775 F.3d 1182, 1192 (9th Cir. 2015)).) The grievance coordinators described that the process required Plaintiff to submit a Form 602 within 30 days of the incident giving rise to the grievance—here, October 18, 2018. (*Id.* at 10.) They explained that inmates can file grievances for incidents that took place at another facility. (*Id.*) They also stated that they searched the records at their respective facilities for any appeal submitted by Plaintiff between October 18, 2018 and the time of their declarations, and found none. (*Id.*) Turning to whether Plaintiff rebutted Defendants' evidence of non-exhaustion, the Magistrate Judge found that Plaintiff failed to show "that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." (*Id.* at 11.)

Plaintiff's objections to the Magistrate Judge's findings are unavailing. He merely rehashes arguments that he raised in response to the summary judgment motion—namely, that he filed a Form 602 but that it was "lost or ignored" and that he was "under direct threat of retaliation." (Doc. No. 62 at 14.) The Court agrees with the Magistrate Judge that Plaintiff's general and unsubstantiated fears about possible retaliation do not suffice to excuse his failure to exhaust. (Doc. No. 56 at 11.) *See also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018) (finding that inmates' "factual statements" supported an "actual and objectively reasonable fear of retaliation," whereas generalized statements would not). Plaintiff made no specific argument that the Magistrate Judge misapplied the law in this regard. Moreover, the fact that Plaintiff proclaims that he repeatedly filed "602s"

belies his assertion that the process was made unavailable to him because he feared retaliation. Accordingly, the Court **OVERRULES** Plaintiff's objection, and **ADOPTS** the Magistrate Judge's recommendation to grant Defendants' summary judgment motion based on the affirmative defense of non-exhaustion.

## C. Plaintiff's Eighth Amendment Claim

The Magistrate Judge also found that even if Plaintiff had exhausted his administrative remedies, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims. (Doc. No. 56 at 15.) With respect to Plaintiff's claim against Armenta, the Magistrate Judge found that "no reasonable juror could infer that defendant Armenta was aware of, and consciously disregarded, a risk that plaintiff would attempt suicide when he returned to his cell." (*Id.*) Plaintiff raised no objection to this portion of the R&R, and the Court finds it well-reasoned and contains no clear error. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation to enter summary judgment in favor of Armenta.

With respect to Plaintiff's claims against Hough and Downs, the Magistrate Judge acknowledged that Plaintiff alleges that after the ICC hearing, Hough and Downs escorted him back to his cell in the ASU and made "incentivizing remarks" when Plaintiff told them that he was feeling "depressed and suicidal." (*Id.* at 16.) However, because the evidence showed that neither Hough nor Downs were on duty at that time, the Magistrate Judge found that "no reasonable juror could infer that Hough and Downs were aware of, but indifferent to, a risk that [P]laintiff would harm himself." (*Id.* at 17.) Plaintiff's objection to this conclusion simply repeats his unsupported contention that videos and logs will show that Hough and Downs escorted him to his cell as he alleged. (Doc. No. 62 at 13.) As the Magistrate Judge noted, Defendants produced evidence that the ICC hearing began at 9:56 a.m. and did not last for more than one hour, and that Hough and Down did not report for work that day until 2:00 p.m. Plaintiff failed to present competent evidence to the contrary. Instead, he continues to insist that videos and logs will show that Hough and Downs

escorted him to his cell as he alleged. But as previously discussed, Defendants represented to the Court that they have produced all documentation concerning the incident giving rise to Plaintiff's claims, and there is no evidence that Defendants made this representation in bad faith. Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's recommendation to enter summary judgment in favor of Hough and Downs.

### D. Request for Appointment of Counsel

Lastly, the Magistrate Judge found that "there are no 'exceptional circumstances' warranting appointment of counsel in this matter." (Doc. No. 56 at 18.) As an objection, Plaintiff reiterates that he has limited ability to read and write in English and has had to rely on "inmate assistance" for his case. (Doc. No. 62 at 14.) In the Ninth Circuit, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, the court may in its discretion request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). The court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). These two factors "must be considered cumulatively." *Id.*

As to the first factor, the Court finds that based on the lack of evidence supporting Plaintiff's claims (as discussed here and extensively in the R&R), Plaintiff is not likely to succeed on the merits of his claims. As to the second factor, Plaintiff has demonstrated, through his prior filings, that he is able to articulate his claims, notwithstanding his limited proficiency in the English language. Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's recommendation to **DENY** the request for appointment of counsel for want of "exceptional circumstances."

10

3:19-cv-01461-AJB-KSC

## IV.   CONCLUSION

Having carefully reviewed the R&R and Plaintiff's objections thereto, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 62), **ADOPTS** the R&R in its entirety (Doc. No. 56), **DENIES** Plaintiff's request for a deferred ruling and additional discovery, **GRANTS** Defendants' motion for summary judgment (Doc. No. 48), and **DENIES** Plaintiff's request for appointment of counsel. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated:  September 7, 2021

Hon. Anthony J. Battaglia
United States District Judge

3:19-cv-01461-AJB-KSC